UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MELINDA MILLWOOD, et al.,            }
                                     }
    Plaintiffs,                     }
                                     }
v.                                   }    CASE NO. CV 03-JEO-0087-S
                                     }
TOYOTA MOTOR CORPORATION,            }
et al.,                              }
                                     }
    Defendants.                     }
                                     }

**FILED 03 APR 23 AM 10: 47 U.S. DISTRICT COURT N.D. OF ALABAMA**

**ENTERED APR 23 2003**

**MEMORANDUM OPINION AND ORDER**

Before the court is the plaintiffs' notice of voluntary dismissal of defendant Toyota Motor Corporation under Rule 41(a)(1) of the Federal Rules of Civil Procedure.[1] (Doc. 4).[2] Also before the court is the plaintiffs' motion to voluntarily dismiss without prejudice defendants Toyota Motor Manufacturing Kentucky, Inc. ("TMMK") and Southeast Toyota Distributors, Inc. ("SET") under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. 5). In addition, TMMK and SET have requested the court to order certain costs associated with this action, should the case be dismissed without prejudice.

**PROCEDURAL BACKGROUND**

This case, which was originally filed in the Circuit Court for Blount County, Alabama,

---

[1] The plaintiffs in this case are Melinda Millwood, individually and as mother and next friend of Shavawn Horton Millwood and Shavawn Horton Millwood, individually. (Doc. 1, Ex. F, Motion to Amend Complaint).

[2] References to "Doc. __" are to the documents as numbered by the clerk of court in the court's record of the case.

15

arises from a motor vehicle accident that allegedly resulted in serious injuries to plaintiff Shavawn Horton Millwood ("Shavawn Millwood"). (Doc. 1, Ex. F, Complaint). The complaint stated that defendant John T. Bagsby ("Bagsby") lost control of his 1995 Toyota Camry, causing it to strike Shavawn Millwood's vehicle.

On May 22, 2002, Millwood entered into a pro-tanto release of all claims against Bagsby. On July 11, 2002, the plaintiffs filed an amended complaint adding SET, TMMK and TMC as defendants and alleging violations of the Alabama Extended Manufacturer's Liability Doctrine with respect to Bagsby's 1995 Camry. On August 14, 2002, SET and TMMK each served an answer to the plaintiffs' complaint. On January 14, 2003, defendants TMMK and SET removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).[3]

## DISCUSSION

A.   **The Notice of Dismissal of TMC**

The plaintiffs have filed a notice of dismissal of TMC (doc. 4) under Rule 41(a)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

---

[3]TMC consented and joined in the notice of removal, although it argued that this was unnecessary, as it had not been properly served in compliance with the requirements of the International Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"). (Doc. 2).

Fed. R. Civ. P. 41(a)(1).

In the notice of dismissal, the plaintiffs allege that TMC has not been served in this action, that TMC has not answered or filed a motion for summary judgment herein and that TMC has not been previously dismissed in any court of the United States or of any state on the claims stated in the Complaint. (Doc. 4). The defendants argue that because the plaintiffs and TMC made an agreement to bypass the Hague Convention requirements for service on TMC, a Japanese corporation, this created a "unique situation that is distinguishable from the requirement of Federal Rule 41(a)(1) requiring a Defendant to file an Answer before the Defendant can be dismissed without Order of Court." (Doc. 8 at ¶ 3). The defendants also point out that the plaintiffs "have previously shown their interest and pursuit of discovery with TMC by filing Plaintiff's Interrogatories and Request for Production of Documents, dated July 11, 2002." (Doc. 8 at ¶ 3).

The court is not persuaded by the defendants' argument that Rule 41(a)(1) was not meant to cover situations such as that presented by TMC. The defendants have not submitted any legal authority for drawing the distinction they propose. The rule is quite clear and the plaintiffs have satisfied it. TMC is thus due to be dismissed without prejudice.

**B.    The Motion for Voluntary Dismissal of TMMK and SET**

The plaintiffs have filed a motion for voluntary dismissal of TMMK and SET (doc. 5) under Rule 41(a)(2) of the Federal Rules of Civil Procedure, which provides as follows:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for

independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).

In support of this motion, the plaintiffs state that they wish "to conduct further investigation into the facts and circumstances of this matter before pursuing any action." (Doc. 5 at ¶ 3). They also state that the action is still within the applicable limitation of actions for such matters in the State of Alabama. (Doc. 5 at ¶ 4). The defendants argue that the plaintiffs' attempt to obtain a dismissal without prejudice from this court, after defendants removed the case from state court, is a blatant attempt to forum-shop and to avoid the federal forum, to which the defendants rightfully removed this case.

With respect to voluntary dismissals under Rule 41(a)(2), the Eleventh Circuit stated as follows:

> The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *Id.* at 856-57. "The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal." *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857.

*Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255-56 (11th Cir. 2001). The *McCants* court stated that "it is no bar to a voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation." *McCants*, 781 F.2d at 857.

In applying these principles, the court in *Berry v. General Star Nat'l Ins. Co.*, 190 F.R.D. 697 (M.D. Ala. 2000), stated as follows:

4

> Bearing in mind the admonition that motions for voluntary dismissal should be granted unless the Defendant will suffer plain prejudice, the court finds that the facts of this case support granting the Motion to Dismiss without prejudice. The Plaintiff's motion was filed relatively early in the proceedings, before any dispositive motion had been filed. In addition, merely because some limited discovery has been done in this case does not mean that the Defendant will suffer plain prejudice, especially when arguments and evidence sought to be presented by the Defendant in this case can be used by the Defendant if the case is again filed by the Plaintiff. *See Der v. E.I. Dupont de Nemours & Co.*, 142 F.R.D. 344, 346 (M.D. Fla. 1992); *see also Anderberg v. Masonite Corp.*, 176 F.R.D. 682, 687 (N.D. Ga. 1997) (noting that "if the evidence accumulated during discovery may be used in a subsequent lawsuit, then the fact that costs were incurred in conducting discovery will not in itself constitute plain prejudice.") As was earlier discussed, the prospect of a second lawsuit is not sufficiently prejudicial to justify denial of a voluntary motion to dismiss. *See Fisher*, 940 F.2d [1502 (11th Cir. 1991)] at 1502-03. Furthermore, although the Defendant argues that this case is now ripe for disposition on summary judgment, "a mere missed opportunity for a legal ruling is not sufficient to warrant the denial of a motion for voluntary dismissal." *Spencer v. Moore Business Forms, Inc.*, 87 F.R.D. 118, 119 (N.D. Ga. 1980) (citation omitted).

*Berry*, 190 F.R.D. at 698-99.

The defendants have not alleged any clear legal prejudice except for the possibility that the plaintiffs will refile this suit in state court with a diversity-destroying defendant added in, thereby making the case unremovable. Although such an possibility may provide the plaintiffs with a potential tactical advantage with respect to the forum, that is not enough to bar voluntary dismissal of the case. *McCants*, 781 F.2d at 857; *Berry*, 190 F.R.D. at 698-99.

The proceedings in this case are in the very early stages, and it appears that the defendants will not suffer, other than perhaps in the tactical sense, as a result of a voluntary dismissal. Thus, there appears to be no basis upon which to deny the plaintiffs' motion for voluntary dismissal. The motion is due to be granted.

**C.     TMMK's and SET's Request for an Order Relating to Costs of the Action**

TMMK and SET argue that, if the court grants the motion for voluntary dismissal, it

should do so only upon certain "terms and conditions" referred to in Fed. R. Civ. P. 41(a)(2). TMMK and SET argue that their removal of this case from state court involved time and expense, and that they suspect that the motion to dismiss "is nothing more than a ruse with the ultimate motive being Plaintiff's desire to return to the State Court naming a diversity destroying Defendant." They state as follows:

> These Defendants do <u>not</u> seek any costs unless and until Plaintiff returns to the State Court and does what the Defendants suspect, - files suit yet again with a fraudulently joined Defendant selected and joined for the purpose of destroying diversity of citizenship jurisdiction. Thus, these Defendants respectfully request that any Order granting Plaintiff's Motion to Dismiss include notice that the Court will retain jurisdiction to assess costs in the event that this litigation is re-filed in the State Court with a diversity destroying Defendant named. To be clear, these Defendants do not seek costs <u>unless</u> Plaintiff returns to the State Court and attempts to re-file this same litigation against these Defendants including a diversity destroying Defendant. In that event, these Defendants would request the Court enter an Order granting the costs associated with the previous removal of the case to the United States District Court and any costs associated with the necessity of opposing Plaintiff's current Motions to Dismiss.

(Doc. 12 at ¶ 3, emphasis in original).

Although Rule 41(a)(2) does permit the imposition of "such terms and conditions as the court deems proper" upon a dismissal under the rule, what TMMK and SET are actually seeking, in essence, are costs under Rule 41(d), which provides as follows:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d). Such a motion is premature at this juncture. It would make far more sense to order such costs to be imposed *after* the case is refiled than it would for the court to order costs to be imposed upon the future fulfillment of certain conditions, retaining some sort

6

of jurisdiction in order to enforce the order, should the conditions be met. If, as TMMK and SET fear, the plaintiffs intend to refile the case in state court under such circumstances to prevent its subsequent removal to this court, they may file for such costs under the parallel rule in the *Alabama Rules of Civil Procedure*. Ala. R. Civ. P. 41(d) provides as follows:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Ala. R. Civ. P. 41(d). The request of TMMK and SET for costs associated with this action in the event that the Plaintiffs refile the case at a later time is therefore due to be denied.

## CONCLUSION

For the reasons set forth above, the plaintiffs' notice of dismissal (doc. 4) and motion for voluntary dismissal (doc. 5) are due to be granted and the request of TMMK and SET for an order relating to costs of this action in the event the plaintiff refiles the claims at a later date (doc. 12) is due to be denied.

**DONE** this 22nd day of April, 2003.

_/s/ John E. Ott_
**JOHN E. OTT**
United States Magistrate Judge

7